**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DIVISION**

| | |
|---|---|
| **Audiometric Analytics Technologies, LLC,**<br>Plaintiff,<br>v.<br>**Beyer Dynamic, Inc.,**<br>Defendant. | Case No. 1:20-cv-01351<br>Patent Case<br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Audiometric Analytics Technologies, LLC ("AudioMetric"), through its attorneys, complains of Beyer Dynamic, Inc. ("Beyer Dynamic"), and alleges the following:

### PARTIES

1. Plaintiff Audiometric Analytics Technologies, LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 1801 NE 123 Street, Suite 314, Miami, FL 33181.

2. Defendant Beyer Dynamic, Inc. is a corporation organized and existing under the laws of Florida that maintains an established place of business at 56 Central Ave, Farmingdale, NY 11735.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District. In addition, AudioMetric has suffered harm in this district.

## PATENT-IN-SUIT

7. AudioMetric is the assignee of all right, title and interest in United States Patent No. 10,511,907 (the "'907 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, AudioMetric possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## The '907 Patent

8. The '907 Patent is entitled "System and method for adjusting audio parameters for a user," and issued 12/17/2019. The application leading to the '907 Patent was filed on 8/7/2018. A true and correct copy of the '907 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '907 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '907 PATENT

10. AudioMetric incorporates the above paragraphs herein by reference.

11. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '907 Patent in at least this District by making, using, offering to sell, selling

and/or importing, without limitation, at least the Beyer Dynamic products identified in the charts incorporated into this Count below (among the "Exemplary Beyer Dynamic Products") that infringe at least the exemplary claims of the '907 Patent also identified in the charts incorporated into this Count below (the "Exemplary '907 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '907 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '907 Patent Claims, by having its employees internally test and use these Exemplary Products.

13. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

14. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '907 Patent. On information and belief, Defendant has also continued to sell the Exemplary Beyer Dynamic Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '907 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '907 Patent.

15. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '907 Patent, literally or by the doctrine of equivalents, by selling Exemplary Beyer Dynamic Products to their customers for use in end-user products in a manner that infringes one or more claims of the '907 Patent.

16. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '907 Patent, literally or by the doctrine of equivalents, by selling Exemplary Beyer Dynamic Products to their customers for use in end-user products in a manner that infringes one or more claims of the '907 Patent. Moreover, the Exemplary Beyer Dynamic Products are not a staple article of commerce suitable for substantial noninfringing use.

17. Exhibit 2 includes charts comparing the Exemplary '907 Patent Claims to the Exemplary Beyer Dynamic Products. As set forth in these charts, the Exemplary Beyer Dynamic Products practice the technology claimed by the '907 Patent. Accordingly, the Exemplary Beyer Dynamic Products incorporated in these charts satisfy all elements of the Exemplary '907 Patent Claims.

18. AudioMetric therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

19. AudioMetric is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

20. Under Rule 38(b) of the Federal Rules of Civil Procedure, AudioMetric respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, AudioMetric respectfully requests the following relief:

A. A judgment that the '907 Patent is valid and enforceable;

B. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '907 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards AudioMetric all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patent-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate AudioMetric for Defendant's infringement, an accounting:

i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that AudioMetric be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

ii. that AudioMetric be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that AudioMetric be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: March 13, 2020

Respectfully submitted,

*<u>/s/ Isaac Rabicoff</u>*
Isaac Rabicoff
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Audiometric Analytics Technologies, LLC**